In re **PRINZ, DONALD L.**,
    Debtor

_____

Warren J. Rhoads,
    Plaintiff-Creditor,

v

Donald L. Prinz, aka Don Prinz,
    Defendant-Debtor.
_____/

Case No. 19-22220
The Honorable Daniel S. Opperman

Chapter 13

**Adv. Proc. No. 20-02009-DOB**

Thomas W. McDonald, Jr.
3144 Davenport Ave.
Saginaw, Michigan 48602
(989) 792-6766
U.S. Bankruptcy Trustee

Matthew L. Frey
Attorney at Law
4901 Towne Centre Rd Ste 315
Saginaw, Michigan 48604
(989) 799-2227
Attorney for Debtor

Ann Victoria Hopcroft
HOPCROFT LAW PLC
P.O. Box 372
Oscoda, Michigan 48750
989-630-3792
Attorneys for Creditor Warren J. Rhoads

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

PLAINTIFF, by and through his attorney, and, pursuant to F.R.Civ.P. 56, submits the following arguments and authorities in support of his Motion for Summary Judgment:

## I.    JURISDICTION

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## II.    INTRODUCTION

Plaintiff Rhoads asserts that there is no genuine issue of material fact and that, pursuant to F.R.Civ.P. 56, he is entitled to an Order of Nondischargeability as a matter of law, because his judgment from the 23rd Circuit Court for the State of Michigan, Case No. 08-4521-CZ, is squarely covered by the exception to discharge set forth at 11 U.S.C. § 523 (a)(2)(A). Rhoads was granted a Default Judgment which by its terms specified that it was "a result of misrepresentation and fraudulent misconduct of Don Prinz."

The following argument and authorities will demonstrate that the state court judgment is entitled to full faith and credit by this Court, notwithstanding the anticipated questions arising from its having been delivered when Mr. Prinz was not present in the state courtroom.

Filed herewith are:

a. The state court pleadings as one file in chronological order, with bookmarks. They are referred to herein as *Pleadings*, p.X.

b. All transcripts from the state court proceedings, as one file in chronological order, with bookmarks. They are referred to herein as *Transcripts*, p.X

If the aforestated format is not convenient for the Court, the undersigned counsel remains ready to provide an alternate format.

### III. <u>FACTUAL BACKGROUND</u>

Mr. Rhoads needed reconstruction and repairs at his property in Hale,

Michigan, and his insurance agent gave him the business card for Charger Enterprises, Inc., and recommended it for the job. (*Transcripts*, p. 78-79) Rhoads inquired about the capabilities of the company, the workers and the tools, and observed the Charger trailer. (*Id.,* p.79-80; *Pleadings, p.156*) The parties looked over the property, discussed the requirements of job and its costs; then they agreed on an oral contract. (*Transcripts,* p.79-80) Orders, payments and other paperwork were done in the name of Charger and Rhoads's payments to Prinz were deposited in the Charger account. (*Pleadings,* p.61,72,74,79-82)

Rhoads came to determine that the work was not being done according to agreed-upon specifications and not in a workmanlike manner, in a number of particulars. (*Id.*, p.12-14, 115-117, 133-135) When the parties were unable to resolve these issues, Rhoads ceased to make payments and Prinz ceased to work. (*Id.*, p.9, ¶9; pp.114,132)

Rhoads had to hire another contractor in order to obtain a Certificate of Occupancy. (*Transcripts,* p.88) Charger filed a lien against the property. (*Pleadings,* pp.84, 103, 117, 135)

Prinz, individually, brought suit in Iosco County Circuit Court for monies he claimed were owed to him. (*Pleadings,* p.1) The history of the state court action is discussed in Section VII, below.

## IV. <u>SUMMARY JUDGMENT</u>

Federal Rule of Civil Procedure 56, applicable to bankruptcy adversary proceedings under Fed.R.Bankr.P. 7056, provides, in pertinent part:

> (a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
> \*\*\*

Plaintiff Rhoads seeks summary judgment that his state court judgment is entitled to recognition by this Court, and that the judgment, together with the underlying record, substantiate adherence to the requirements for collateral estoppel and show that the elements establishing nondischargeability under 11 U.S.C. § 523(a)(2)(A) were properly a part of the determination in the state court.

## V. <u>NON-DISCHARGEABILITY DUE TO FRAUD OR MISREPRESENTATION</u>

11 U.S.C. § 523(a)(2)(A) provides that a debt arising from "actual fraud" or "a false representation" is not dischargeable:

> **§523. Exceptions to discharge**
> (a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
> \*\*\*

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523 (a)(2)(A), in pertinent part.

The state court judgment, by its terms, identifies the damages awarded to Mr. Rhoads as being "a result of misrepresentation and fraudulent misconduct of Don Prinz." (*Pleadings*, p. 174)

Rhoads's First Amended Affirmative Defenses alleged *inter alia* that Prinz had falsely represented himself as the agent of a viable corporation and falsely represented that that corporation possessed a valid residential builder's license: (*Pleadings*, p. 113)

> 5. Plaintiff's actions constituted misrepresentation and fraud upon which Defendant relied to his detriment.
>
> 6. Plaintiff's actions in doing business as Charger Enterprises, Inc. without qualifying Charger as a licensed builder under MCL 339.2404 bars any claim for recovery in Charger's name.
>
> 7. Plaintiff's activities in conducting business in the name of Charger Enterprises, Inc., although said corporation was dissolved as a Michigan corporation, was contrary to MCL 450.1833, and imposes personal liability upon Plaintiff.

## VI. **COLLATERAL ESTOPPEL**

Collateral estoppel applies in non-dischargeability proceedings under the Bankruptcy Code, such as this adversary proceeding. *Grogan v. Garner,* 498

U.S. 279, 284 n.11, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991). "Collateral estoppel … prevents a party from relitigating issues of fact or law which were necessarily decided by a previous final judgment." *Smith v. Sushka,* 117 F.3d 965, 969 (6th Cir. 1997).

In determining whether a state court judgment precludes relitigation of issues under the doctrine of collateral estoppel, the Full Faith and Credit statute, "… 28 U.S.C. § 1738, a federal court generally is required to consider first the law of the State in which the judgment was rendered to determine its preclusive effect." *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 375 (1985).

The Michigan Supreme Court in *People v. Gates,* 434 Mich. 146, 452 N.W.2d 627, 630-31 (1990), stated:

> Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was (1) actually litigated, and (2) necessarily determined.

*Gates* at 154.

The *Gates* formula was adopted in this District in *McCallum v. Pixley (In re Pixley),* 456 B.R. 770, 775-76 (Bankr.E.D. Mich. 2014) and in this Circuit in *Phillips v. Weissert (In re Phillips)*, 434 B.R. 475, 485 (B.A.P. 6th Cir. 2010).

Applying the first *Gates* factor to the case at bar, there is identity of parties across the proceedings. In the state court, Debtor Donald Prinz was the Plaintiff and Counter-Defendant and Creditor Warren Rhoads was the

Defendant and Counter-Plaintiff.

The second *Gates* factor that there was a "valid, final judgment" in the first proceeding, is shown by the True Copy of the Default Judgment in *Prinz v. Rhoads*, Iosco County Circuit Court Case No. 08-4521-CZ entered on 9/14/2010. (*Pleadings,* p.174)

## VII. ACTUALLY LITIGATED

Just because the state court proceeding ended in a *default judgment* rather than a judgment after trial on the merits does not mean it was not "actually litigated," in keeping with the third *Gates* factor.

This case is quite distinct from a default judgment where a defendant does not even answer the complaint. Here it was Prinz himself who initiated the state court action, claiming damages for breach of a residential construction contract. (*Pleadings,* p.1) Rhoads answered and counter-claimed *inter alia* for breach to his detriment, as well as for fraud and misrepresentation by Donald Prinz. (*Pleadings,* p.8 *et seq.*)

In fact, Mr. Prinz had multiple opportunities to be apprised of and respond to the claims against him, since Mr. Rhoads filed:

1. Answer to Complaint, Affirmative Defenses and Counter-claim on 1/21/2009 (*Pleadings*, p.8)

2. Answer to the First Amended Complaint, First Amended Affirmative Defenses and Counter-claim on 8/24/2009 (*Pleadings*, p.110)

3. First Amended Counter-claim on 10/5/2009 (*Pleadings*, p.131)

In addition to the structure set by the pleadings, the parties engaged in discovery, including interrogatories, requests for production and requests for admission, as well as depositions of both parties, scheduled in July 2009. (*Pleadings, pp.35, 36, 38, 41)*

Moreover, the Charger Enterprises issues were also the subject of three dispositive motions, argued by counsel for both parties at two different hearings, with extensive briefing and documentation.

Rhoads brought the first Motion for Summary Disposition on 8/3/2009 asserting that Prinz was not the real party in interest, the construction contract having been made between Rhoads and Charger Enterprises, Inc., supported by an 8-page brief with 9 exhibits. (*Pleadings*, p.50 *et seq.*)

Prinz's counsel responded with an 11-page brief with one exhibit, (*Pleadings*, p.86 *et seq*.), in which he misrepresented that he personally had held a builder's license in good standing until 2/5/2008. (*Pleadings*, p.87). See the Complaint and Order, Department of Labor and Economic Growth, appended to Rhoads's Reply Brief, showing discipinary action against him on 11/30/2007. (*Pleadings*, pp.101-109)

Oral argument on the Motion took place on 8/24/2009, with both counsel participating in person in the courtroom. That oral argument is fully reproduced in the 25-page transcript which is a part of the Transcripts filed

herewith. (*Transcripts,* p.1 *et seq.*)

Summary disposition was granted on Counter-Plaintiff Rhoads's motion, by Order signed on 8/24/2009, effectively dismissing the complaint as written, ruling that Charger Enterprises, Inc., would have been the real party in interest for the claims made in that complaint. (*Pleadings*, p.119)

The court then scheduled the remaining counter-claim for pretrial on 9/21/2009. (*Pleadings*, p.120)

Debtor Prinz had filed the Amended Complaint on 7/14/2009, adding two paragraphs to address the "real party in interest" issue which had been raised in discovery and then in the above-described motion. (*Pleadings*, p.45)

The Answer to the Amended Complaint was filed on 8/24/2009 (*Pleadings*, p.110), followed on 10/5/2009 by the First Amended Counterclaim. (*Pleadings*, p.131)

The second set of dispositive motions was initiated by a Motion to Dismiss, filed by Prinz on 10/7/2009, on the heels of the previous rulings, seeking dismissal of any remaining claims against Mr. Prinz personally, since Charger Enterprises, Inc., had been determined to be the "real party in interest." (*Pleadings*, p.137)

Rhoads responded and countered for partial summary disposition establishing Prinz's personal liability. (*Pleadings*, p.146)

The parties briefed the issues and appeared for oral argument on

11/23/2009. The record of that argument and ruling are reproduced in the 24 - page transcript thereof. (*Transcripts,* p.26)

Prinz's Motion to Dismiss was denied, and Rhoads's Motion for Partial Summary Disposition was granted by Order of 12/10/2009. (*Pleadings*, p.160)

Prinz's attorney successfully moved for withdrawal in January, 2010. (*Id.,* p.162) Prinz failed to attend a court-ordered mediation set for 4/30/2010, but did respond to the order to show cause to pay his share of the same. (*Transcripts,* p.54) Prinz attended the 8/9/2010 pretrial *in pro per* and at that time told the court he would be getting new counsel ahead of the August 2010 jury trial. (*Transcripts,* p.55)

Mr. Prinz did not appear for the 8/30/2010 trial, and, after testimony from Mr. Rhoads, the Default Judgment was granted. (*Pleadings,* p.174; *Transcripts*, p.70 *et seq.*) Mr. Prinz did not move to set aside the judgment.

## VIII. <u>**NECESSARILY DETERMINED**</u>

If an issue is essential to the judgment, it is "necessarily determined," according to *Gates*, *supra,* 452 N.W.2d at 631. In this case, the judgment itself stated unambiguously the Court's finding that the damages were a result of misrepresentation and fraudulent conduct of Don Prinz.

## IX. FRAUD AND MISREPRESENTATION

The fraud and misrepresentation allegations in the state case included, *inter alia,*[1] Prinz holding out Charger as having a builder's license, which it did not, and having sued on a contract to which he (Prinz) was not a party. Some of the references to the misrepresentations in the record include: (a) using a sham or unchartered corporation (*Pleadings*, pp.59, 66, 113, 114, 132); (b) lacking a valid builder's license (*Pleadings*, pp.10, 101; *Transcripts,* p.80); (c) misrepresenting capabilities or quality of service available (*Pleadings*, pp.23, 117, 132).

Mr. Rhoads's counsel enumerated many of the instances of, or facts surrounding, misrepresentation by Mr. Prinz in his Brief in Opposition to Counter-Defendant's Motion to Dismiss, on 11/16/2009:

- Counter-Defendant is, on information and belief, the resident agent, incorporator, and sole shareholder of Charger Enterprises, Inc. (hereafter Charger).

- Charger was incorporated in the State of Michigan effective February 11, 2000.

- Charger was dissolved as a Michigan corporation effective July 15, 2003.

- Notwithstanding its dissolution, Charger, through Prinz, proposed and provided certain residential construction and renovation on behalf of Counter-Plaintiff, until abandoning same.

- Charger's services were rendered after the effective date of its dissolution as a Michigan corporation contrary to MCL 450.1833.

- Prinz misled Defendant/Counter-Plaintiff as to Charger's status and capabilities to provide required services.

- Charger is a sham corporation by which Prinz attempted to avoid

personal liability for his business dealings.

(*Pleadings*, p.155)

As this court stated in *State Bank v. Mansour (In re Mansour)*, Case No. 08-3096 (E.D.Mich. 2010), "[t]o prevail on a claim under 523(a)(2)(A), a plaintiff must show" that:

> (1) the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or that he made with reckless disregard for the truth;
>
> (2) the debtor intended to deceive;
>
> (3) the creditor justifiably relied on the false representation; and
>
> (4) its reliance was the proximate cause of loss.

Formatting added. *Mansour* at 4, quoting *In re Rembert*, 141 F.3d 277, 280 (6th Cir. 1998).

1. <u>Obtaining money through misrepresentation</u>. From the time of their first meeting, and even before, since he had left cards with the insurance company, Prinz held himself out as representing the corporation, Charger Enterprises, Inc. As he entered into the contract with Mr. Rhoads, he knew that he had not filed corporate reports and kept up the corporate status with the State of Michigan, and he knew that Charger did not have a building license. (*Transcripts*, p.80; *Pleadings*, p.70)

2. <u>Intention to deceive</u>. He allowed Mr. Rhoads to be impressed by the corporate trappings, his claim of skilled workers, not just general laborers, his

trailer and his experience sufficiently to enter into a $200,000 contract with him. (*Pleadings*, pp.66, 156; *Transcripts*, pp.78-80)

3. <u>Reliance</u>. It was understandable that Mr. Rhoads relied on the representations. His insurance company had given him the card and recommendation for Charger Enterprises, Inc., and it is clear from his testimony that it was important to him that he was dealing with a company which clearly had knowledge and assets and reputation that he, coming from outside the area, could trust. (*Transcripts*, pp.78-80)

4. <u>Proximate cause of loss</u>. Mr. Prinz went on to perform work on Mr. Rhoads's property, much of which had to be redone by another contractor, much of which was unworkmanlike and not according to agreement. (*Pleadings*, p.117)

The foregoing components of a § 523(a)(2)(A) false representation testified to at trial, to which Mr. Prinz did not choose to go, were nonetheless foretold in the pleadings: in Rhoads's answers, affirmative defenses and counter-claims; and were litigated *with Mr. Prinz's participation* in the 8/24/2009 Motion for Summary Disposition concerning the real party in interest issue, and the 11/23/2009 Motion to Dismiss and motion for summary disposition, concerning the role of Charger Enterprises, Inc., and whether the corporate veil should be pierced.

## X.  CONCLUSION

Debtor Prinz initiated and vigorously participated in the state court case. He was represented by counsel. He took advantage of multiple discovery devices and participated in three dispositive motions and arguments. Accordingly, collateral estoppel should apply to give effect to the state court judgment in this proceeding.

WHEREFORE, Plaintiff prays that this Court award summary judgment in his favor, ordering that the state court judgment debt from Prinz to Rhoads is not dischargeable.

Respectfully submitted,

HOPCROFT LAW PLC

By: _____
Ann Victoria Hopcroft
Attorney for Plaintiff / Creditor
Warren Rhoads

Dated: 2/19/2021

---

[1] Rhoads made several allegations of misrepresentation as to workmanship, quality and the nature of work that was to have been performed, however, the misrepresentations as to Charger Enterprises, Inc., discussed *supra,* are spotlighted for having received intensive litigation within the state court matter. (*Pleadings*, pp.12-13)