United States Bankruptcy Court

Eastern District Of Michigan – Northern Division

| | | |
|---|---|---|
| In re   DONALD L. PRINZ, | ) | Case No. 19-22220-dob |
| Debtor | ) | |
| WARREN J. RHOADS, | | |
| Plaintiff | ) | Adversary Proceeding: |
| v | ) | 20-02009-DOB |
| DONALD L. PRINZ.<br>        Defendant | )<br>) | Chapter<br><u>13</u> |

_____)

| | |
|---|---|
| MATTHEW L. FREY (P68239) | HOPCROFT LAW PLC |
| Attorney for Debtor/Defendant | Ann Victoria Hopcroft (P34150) |
| 4901 Towne Centre Road, Suite 315 | Attorney for Creditor/Plaintiff |
| Saginaw, MI 48604 | PO Box 372 |
| 989-799-2227 | Oscoda, MI 48750 |
| mfrey@matthewfreylaw.com | 989-630-3792 |

_____)

## **DEFENDANT'S BRIEF IN SUPPORT OF ANSWER SEEKING TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

DEFENDANT, by and through his attorney, and, pursuant to FRCP 56, submits the following arguments and authorities in support of his request that this Court deny Plaintiff's Motion for Summary Judgment:

### I. **JURISDICTION**

Defendant agrees with Plaintiff that this is a core proceeding and that this Court has subject matter jurisdiction.

### II. **STATEMENT OF FACTS**

Defendant does not dispute the majority of Plaintiff's factual background. However, Defendant asserts that the original reason behind Plaintiff's unhappiness was Plaintiff's own decision to make a number of changes to the originally agreed upon specifications and when the changes began to mount in cost and other overall disagreements, Plaintiff removed Defendant from the job.

### III. SUMMARY JUDGMENT

Defendant agrees with Plaintiff's recitation of the Summary Judgment statute. However, 11 U.S.C. § 523(a)(2)(A) requires that the creditor, in this case Mr. Rhoads, justifiably relied on the false representation(s) and that reliance was the proximate cause of loss along with that the Debtor must have intended to deceive the creditor. *Rembert v. AT&T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 280-81 (6th Cir. 1998)

### IV. NON-DISCHARGEABILITY DUE TO FRAUD OR MISREPRESENTATION

Defendant again agrees with the Plaintiff's summary of the lower Court's transcripts but also states that Plaintiff cannot show that the lower Court addressed the issues of intent to deceive and justifiable reliance neither in pleadings nor in transcripts.

### V. Collateral Estoppel

Defendant agrees with Plaintiff's statements under this heading.

### VI. ACTUALLY LITIGATED

Defendant agrees the lower Court case was actually litigated on the issues brought before it, but contends the lower Court record, transcripts, and other pleadings are lacking on the elements of intent to deceive and justifiable reliance by the Creditor.

### VII. NECESSARILY DETERMINED

Defendant disagrees with the Plaintiff's statement that the lower Court found the damages were a result of misrepresentation and fraudulent conduct of Don Prinz. The Court said "liability is established as a result of default on all Counts." (*Trial Transcript*, p.7). The fact the case was set for trial and not disposed of motion requires a finding that there were issues of fact existing up until that day. Nowhere in the Trial Court's findings though does the word deceive appear, nor that Plaintiff justifiably relied upon

the misrepresentations of Don Prinz, leaving those issues to be determined by a trier of fact. As Mr. Rhoads' attorney referenced future bankruptcy proceedings, he should have been well aware of what was needed to make the judgment non-dischargeable.

## VIII. FRAUD AND MISREPRESENTATION

As previously stated Defendant takes exception to the Plaintiff's assertions of facts that are not supported by the Trial Court record. Notably, the following:

1. <u>Obtaining money through misrepresentation.</u> Nowhere in the Trial Court record or other pleadings does it state when any business cards were left with the insurance company, the mere fact he held himself out as a corporation is not dispositive as to fraud, unfortunately many individually run businesses, be it an LLC, a corporation, etc, may run afoul of failure to file basic documents and having their status revoked, which normally is corrected by the simple filing of updated records. Had Mr. Rhoads been so concerned about the status of the corporation and perhaps any insurance, a quick call or online records check with the State of Michigan would have resolved his concerns. Additionally, Don Prinz held a valid building license at the time, the fact the corporation did not separately, while seemingly a bad act, seems fairly inconsequential in the instant case, as Don Prinz was the builder, whether through the corporate name or not.

2. <u>Intention to Deceive.</u> Again Mr. Rhoads, through his testimony in the lower Court seems to have had at least some background or knowledge about how things worked in construction. On pages 17 and 18 of the trial transcript he even begins to allude to his dad perhaps having some experience before he goes silent on the issue. (*Trial Transcript* pp. 17-18). Furthermore, the statements made by Don Prinz in relation to his qualifications can be attributed to mere puffery or regular comments made in the course of business solicitation. Nowhere does any transcript or pleading state that Mr. Rhoads asked for references, examples of prior work, certifications by any trade unions or building associations, etc.

3. <u>Reliance.</u> A party to a contract may not merely cite a misrepresentation to the court. Rather, a party seeking relief must be able to show that the misrepresentation substantially contributed to the decision to enter into the contract. Restatement

(Second) of Contracts §167. It is hard to believe that Mr. Rhoads can make a claim as to reliance when despite claiming all these apprehensions in multiple Court pleadings he did zero investigating or reference checking when entering into an extremely large oral contract. While he may have been able to claim he relied upon statements and a business card, one can hardly claim that reliance was justifiable and although his present counsel does an admiral job claiming his reliance, the pleadings do not indicate a finding of fact where he was justified in doing so. Had Mr. Prinz been building a dog house for Mr. Rhoads, one might imagine these facts as justifiable reliance, but either Mr. Rhoads was purposefully negligent in regards to his own finances and project or perhaps was more sly than given credit for, and understood these issues beforehand and waited to the right time to attempt to get work for free from Don Prinz, in either event, this transaction seems akin to buying a used car without taking a test drive and then complaining the wheels fell off when you left the dealer lot. Nothing in the record establishes any lack of capacity or susceptibility issues on behalf of Mr. Rhoads. In fact the opposite seems to be the case, Mr. Rhoads is an intelligent individual who conferred with a third party, the insurance company, about finding someone of repute for his local project. While not binding upon this Court, the Michigan State Courts have addressed this issue. A contracting party who consults with a third person in trust generally may not argue reliance on a misrepresentation. In *Hungerman v McCord Gasket Corp*, 189 Mich App 675, 677, 473 NW2d 720 (1991).

4. <u>Proximate cause of loss.</u> The work, whether unworkmanlike or not, was never testified to by any expert in Court as to the condition or what had to be redone or what was still usable work. It is only natural a new contractor will want to do things differently than the last one with which the client is unsatisfied with, but again, nothing in the transcripts indicates what the full agreement actually was, it is hard to imagine building a home without some of these items in writing, which seems to be completely lacking here.

## IX. **CONCLUSION**

While the lower Trial Court did have substantial litigation, in order for Collateral Estoppel to apply they needed to have litigated the issues of justifiable reliance, intention to deceive, and obtaining money through misrepresentation, while they litigated many

issues, there does not appear to be specific findings on these issues and as a result, the Motion for Summary Judgment must fail.

WHEREFORE, Defendant prays that this Honorable Court deny all relief requested by Plaintiff, grant the Debtor his discharge as to this debt upon completion of his Chapter 13 Plan, and award attorney fees to his attorney.

                                            Respectfully submitted,

                                            By: /s/ Matthew L. Frey
                                            MATTHEW L. FREY (P68239)
                                            4901 Towne Centre Road, Suite 235
                                            Saginaw, MI 48604
                                            (989) 799-2227
                                            mfrey@matthewfreylaw.com

                                            Dated: March 12, 2021